ROSS P. SCHLABACH *vs.* COMMISSIONER OF INSURANCE.

Suffolk.  March 6, 1935. — May 1, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & QUA, JJ.

*Insurance*, Motor vehicle liability.  *Commissioner of Insurance.*

It was not unreasonable nor discriminatory, with respect to the owner of an automobile principally garaged at the navy yard in Boston, for the commissioner of insurance, in fixing the "classification of risks" and "premium charges" for a certain year for compulsory motor vehicle liability insurance pursuant to G. L. (Ter. Ed.) c. 175, § 113B, to provide that motor vehicles principally garaged on land owned by the United States "shall be deemed and considered to be principally garaged in the city or town within the boundaries of which such . . . [land] is situated and within the rating territory that includes such city or town," even if statistics as to accidents involving automobiles garaged at the navy yard showed that the risk for them was less than that for automobiles in the Boston district generally.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on September 29, 1934, and afterwards amended, to review action by the commissioner of insurance under G. L. (Ter. Ed.) c. 175, § 113B.

The respondent demurred. The demurrer was heard by *Pierce*, J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the petition. The petitioner appealed from each decree.

*H. R. Donaghue*, (*B. F. Gately* with him,) for the petitioner.

*P. A. Dever*, Attorney General, for the respondent.

QUA, J.    The essential facts established by the petition and admitted by the demurrer are these:   The petitioner is a captain in the United States navy.   He owns an automobile requiring registration in Massachusetts which is principally garaged in the navy yard at Boston.   The navy yard is a tract of land owned by or ceded to the United States.   In fixing his annual classifications of risks and premium charges for the year 1935 under the compulsory liability insurance laws, the commissioner of insurance included in his system of establishing the rate according to the territory or "zone" in which the automobile is principally garaged a provision that "Motor vehicles principally garaged on or within any tract of land . . . owned by or ceded to the United States Government shall be deemed and considered to be principally garaged in the city or town within the boundaries of which such tract is situated and within the rating territory that includes such city or town."

The petitioner alleges that in 1934 automobiles garaged at the navy yard had been classified with those garaged outside the Commonwealth, that by the change he has been subjected to the higher rate applying to the territory which includes the city of Boston, and that it was beyond the power of the commissioner to make the change.

It was the function of the commissioner under G. L. (Ter. Ed.) c. 175, § 113B, to "fix and establish fair and reasonable classifications of risks and adequate, just, reasonable and non-discriminatory premium charges."   This court has held that reasonable territorial classification is permissible.   *Brest* v. *Commissioner of Insurance*, 270 Mass. 7. In general, an automobile principally garaged on land owned by the United States will be subject to  the same risk of accident on the public ways as one principally garaged on land of some adjoining proprietor.   A classification which establishes the same rate for both cannot be deemed unjust, unreasonable or discriminatory.

The petitioner is not helped by his allegation to the effect

that statistics as to accidents involving automobiles garaged at the navy yard show that the risk is less than that for automobiles in the Boston district generally. If this is true of the navy yard, it is doubtless also true for one reason or another of a large number of establishments and neighborhoods scattered throughout the city. To compel the commissioner to recognize such differences would destroy the territorial classification altogether.

*Decrees affirmed.*